**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO. 5:17-cr-00112

CHEYENNE FRAGALE

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Cheyenne Fragale's Motion for Reconsideration of the Court's Order Denying Compassionate Release, filed on January 15, 2021. [Doc. 193]. The United States was ordered to respond and did so on November 18, 2021. [Doc. 207]. On January 20, 2022, Mr. Fragale filed a Motion to Strike the Government's Response, or, in the alternative, to Extend Time to Reply. [Doc. 209]. The Court granted the Motion for an Extension of Time, [Doc. 210], and Mr. Fragale filed his Reply on February 9, 2022, [Doc. 211]. The matter is ready for adjudication.

**I.**

Mr. Fragale requests relief based on alleged conditions at his custodial facility and his heightened potential risk for COVID-19 due to his personal medical history.

On December 6, 2017, Mr. Fragale pled guilty to one count of conspiracy to distribute and possess with intent to distribute a quantity of oxycodone, 500 grams or more of a methamphetamine mixture, and a quantity of a substance containing heroin in violation of 21 U.S.C. § 841. [Doc. 119]. Mr. Fragale was sentenced to 144 months in prison followed by a seven-year term of supervised release. [Doc. 164]. Mr. Fragale is scheduled to be released on

December 9, 2027.

Following disposition, the Honorable Irene C. Berger observed as follows in her Statement of Reasons entered March 19, 2018:

> The Defendant operated a large-scale drug distribution ring in this state which poured huge quantities of oxycodone, methamphetamine, and heroin into the community. He bought thousands of pills and purchased pounds of methamphetamine at a time. He then sold the drugs at a profit to lower-level drug distributors. This is not a case of a low-level drug dealer selling to support his or her own addiction. The Defendant was operating a business, with frequent large transactions.

[Doc. 166 at 5].

Judge Berger also noted that while Mr. Fragale had "served significant sentences in the past," those sentences, "did not deter him from committing this additional very serious crime." [*Id.*] Despite these observations, Judge Berger found that the guideline range of 210–262 months, or even 168 months, the low end of the guideline range without an applicable 2-level enhancement, was greater than necessary to meet the goals of sentencing, crediting Mr. Fragale's struggle with addiction and the lack of violence in his criminal history. [*Id.*]

On November 4, 2020, Mr. Fragale filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 183]. He sought release for "extraordinary and compelling reasons," citing heightened risk for contracting COVID-19 due to his age and medical conditions.

On November 23, 2020, the Court denied the motion, noting Mr. Fragale had only alleged difficulties that were true of every incarcerated individual in light of the COVID-19 pandemic. [Doc. 187]. On January 4, 2021, Mr. Fragale requested an extension of time to file an appeal of that order and noticed his appeal. [Doc. 188]. On January 15, 2021, before that appeal was fully adjudicated, Mr. Fragale filed a motion for reconsideration and included, for the first

time, medical records that evidenced health conditions that put him at heightened risk for serious illness from COVID-19. [Doc. 193]. On March 29, 2021, Mr. Fragale filed a Motion to Amend the Record, again including his medical records and asking the United States Court of Appeals for the Fourth Circuit to consider them in its review of the denial for compassionate release. [Doc. 194]. The Court noted that, inasmuch as Mr. Fragale had noticed his appeal, it no longer had subject matter jurisdiction and could not adjudicate the Motion for Reconsideration. [Doc. 195].

Our Court of Appeals affirmed the denial of compassionate release, [Doc. 201], and the mandate issued October 28, 2021, [Doc. 203]. Following the return of jurisdiction to this Court, Mr. Fragale renewed his Motion for Reconsideration, [Doc. 205], and the United States was directed to respond to Mr. Fragale's Motion as supplemented by his medical records, [Doc. 204].

On November 18, 2021, the United States filed its Response in Opposition. [Doc. 206]. The United States contends that the Bureau of Prisons ("BOP") has "taken significant measures to protect the health of the inmates in its charge." [*Id.* at 4]. It cites the modified operations, as well as the low number of confirmed cases at the time the response was filed. [*Id.*]. The United States also points to the increased vaccination of inmates and the increased number of inmates designated to home confinement. [*Id.* at 5–6]. Furthermore, the United States claims the § 3553(a) factors do not support Mr. Fragale's release, emphasizing that releasing Mr. Fragale now would equate to him serving less than the mandatory minimum he faced at sentencing. [*Id.* at 11–12]. Mr. Fragale's Reply reiterates that he has health conditions that put him at a high risk of COVID-19 and realleges that conditions at FCI Loretto are dire. [Doc. 211]. Mr. Fragale also avers that he has taken advantage of rehabilitation resources while incarcerated, such as counseling and classes offered at the facility. [*Id.*]

## II.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) and now allows an incarcerated person to move the court for compassionate release. Specifically, "[t]he First Step Act removed the BOP from that gatekeeping role, authorizing defendants themselves to file motions for sentence reductions." *United States v. McCoy*, 981 F.3d 271, 271 (4th Cir. 2020). The defendant must first exhaust the administrative process established by the Bureau of Prisons or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

To grant an inmate's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must: (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A). When analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). Our Court of Appeals has determined that district courts may take a more individualized approach regarding whether "extraordinary and compelling" reasons are established. *McCoy*, 981 F.3d at 286. As of the date of this order, the United States Sentencing Commission has not yet amended U.S.S.G. § 1B1.13 to address motions filed by defendants. *See United States v. Vaughn*, Criminal Action No. 5:08-00266, 2021 WL 136172, at *2 (S.D. W. Va. Jan. 13, 2021) (quoting *McCoy*, 981 F.3d at 282–83).

Other district courts, in considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility. *United States v. Brady*, No. S2 18 CR. 316, 2020 WL

4

2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases). Courts give particular attention to assertions that defendants have comorbidities that the Centers for Disease Control has stated increase the risk of serious illness from SARS-CoV-2, such as diabetes. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 401 (E.D. Pa. 2020) (finding an "extraordinary and compelling reason" on the basis of the inmate's diabetes, high blood pressure, and liver abnormalities, the outbreak at FCI Elkton, and the short period remaining on his sentence); *United States v. Zukerman*, 451 F. Supp. 3d 329, 335 (S.D.N.Y. Apr. 3, 2020) (granting compassionate release based on defendant's diabetes and age, paired with the COVID-19 outbreak); *United States v. Colvin*, 451 F. Supp. 3d 237, 241 (D. Conn. Apr. 2, 2020) (granting compassionate release based on defendant's diabetes, paired with the COVID-19 outbreak).

If a defendant demonstrates extraordinary and compelling reasons for release, the court must then consider the § 3553(a) sentencing factors in deciding whether to exercise its discretion to reduce the defendant's sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021). Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public from further crimes of the defendant," and "provide the defendant with . . . training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a); *see also High*, 997 F.3d at 187.

### III.

Upon careful review under 18 U.S.C. § 3582(c)(1)(A), and the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Mr. Fragale has not shown that a sentence reduction to time served is warranted.

Mr. Fragale's primary assertion concerns COVID-19 at FCI Loretto where he is housed. Mr. Fragale contends his personal health history puts him at risk of serious complications from COVID-19. Mr. Fragale has provided medical records that indicate he is obese, has type II diabetes, suffers from high blood pressure, and has a fatty liver. These conditions put him at a higher risk of serious illness if he contracts COVID-19. *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (Dec. 14, 2021).

However, the conditions at FCI Loretto are improving. While the facility is currently operating at a Level 2 modification, as of May 5, 2022, there was only 1 confirmed case of COVID-19 among inmates at FCI Loretto and no confirmed cases among the staff. *Covid-19*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited May 5, 2022). While Mr. Fragale's health conditions are of concern to the Court, given the low rate of infection at the Facility, there are no extraordinary and compelling reasons for his release.

Further, the applicable 18 U.S.C. § 3553(a) factors caution against Mr. Fragale's release. His offense was serious. Mr. Fragale was involved in a substantial conspiracy that perpetuated the epidemic of drug use in this District. "[Mr. Fragale] bought thousands of pills and purchased pounds of methamphetamine at a time. He then sold the drugs at a profit to lower-level drug distributors." [Doc 166 at 5]. Moreover, as Judge Berger noted, "This is not a case of a low-level drug dealer selling to support his or her own addiction. The Defendant was operating a business, with frequent large transactions." [*Id.*] And while there was no violence involved in this crime or in Mr. Fragale's prior convictions, distribution of controlled substances is not a victimless crime.

Reducing Mr. Fragale's sentence to time served would also hinder the goal of

sentencing to deter future crimes. As Judge Berger noted, prior substantial terms of imprisonment had no deterrent effect on Mr. Fragale. Such a reduction would also not promote respect for the law or provide just punishment when the Defendant still has a very significant portion of the sentence remaining and has yet to serve even the mandatory minimum sentence, as is the case here.

### IV.

For the foregoing reasons, the Court **DENIES** Defendant Cheyenne Fragale's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). **[Doc. 193].**

The Clerk is directed to send a copy of this written opinion and order forthwith to the Defendant and counsel of record in this matter.


ENTER:        May 11, 2022

Frank W. Volk
United States District Judge