UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA,

v.                                                            CRIMINAL ACTION NO. 5:17-cr-00112-1

CHEYENNE FRAGALE.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Cheyenne Fragale's motion for "COVID relief," filed February 21, 2023. [Doc. 215]. The matter is ready for adjudication.

### I.

On December 6, 2017, Mr. Fragale pleaded guilty to conspiracy to distribute and possess with intent to distribute a quantity of oxycodone, 500 grams or more of a methamphetamine mixture, and a quantity of a substance containing heroin, in violation of 21 U.S.C. § 846. [Docs. 117, 119, 120]. Mr. Fragale was sentenced to 144 months of imprisonment to be followed by seven (7) years of supervised release. [Doc. 164]. Mr. Fragale is scheduled to be released on December 9, 2025. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 12, 2023) (Register No. 14682-088).

In conjunction with sentencing, the Honorable Irene C. Berger, United States District Judge, observed as follows in her Statement of Reasons entered March 19, 2018:

> The Defendant operated a large-scale drug distribution ring in this state which poured huge quantities of oxycodone, methamphetamine, and heroin into the community. He bought thousands of pills and purchased pounds of methamphetamine at a

> time. He then sold the drugs at a profit to lower-level drug distributors. This is not a case of a low-level drug dealer selling to support his or her own addiction. The Defendant was operating a business, with frequent large transactions.

[Doc. 166 at 5]. Judge Berger also noted that while Mr. Fragale had "served significant sentences in the past," those sentences "did not deter him from committing this additional very serious crime." *Id.* Despite these observations, Judge Berger found that the guideline range of 210-262 months, or even 168 months, the low end of the guideline range without an applicable 2-level enhancement, was greater than necessary to meet the goals of sentencing, crediting Mr. Fragale's struggle with addiction and the lack of violence in his criminal history. *Id.*

Following imposition of his sentence, on November 4, 2020, Mr. Fragale filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 183]. He sought release for extraordinary and compelling reasons, citing a heightened risk of contracting COVID-19 due to his age and medical conditions. *Id.* On November 23, 2020, the Court denied that motion, noting that Mr. Fragale had only alleged difficulties that were true of every incarcerated individual during the COVID-19 pandemic. [Doc. 187 at 3]. Our Court of Appeals affirmed that denial of compassionate release on October 6, 2021. [Doc. 201].

During the pendency of his appeal, Mr. Fragale had moved for reconsideration of this Court's order denying his motion for compassionate release. [Doc. 193]. In support of that motion, for the first time, he provided medical records to the Court. *Id.* Following the return of jurisdiction after his appeal, Mr. Fragale renewed his motion for reconsideration [Doc. 205], and the Court directed the Government to respond [Doc. 204]. On May 11, 2022, the Court denied his motion, finding that his facility had a low rate of infection and that his release would be inconsistent with the § 3553(a) factors. [Doc. 212 at 5-7].

Mr. Fragale has now filed a motion for "COVID relief." [Doc. 215]. While the exact

contours of his motion are unclear, Mr. Fragale appears to seek a one-year reduction in his sentence as a result of "hard time" spent in the Bureau of Prisons ("BOP") during the COVID-19 pandemic. *Id.* In support of his motion, Mr. Fragale asserts that he has suffered through lockdowns, he has had difficulty taking classes, and his medical conditions have only worsened. *Id.*

## II.

Subject to certain exceptions, a "court may not modify a term of imprisonment once it has been imposed." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023) (quoting 18 U.S.C. § 3582(c)). In his motion, Mr. Fragale cites to no authority, and the Court is aware of none, that permits a sentence reduction based on hard time. Recognizing this limitation, other district courts have denied similar motions. *See, e.g.*, *United States v. Valencia*, No. 1:16-CR-00200-JLT-SKO, 2022 WL 2704253 (E.D. Cal. July 12, 2022); *United States v. Mitchell*, No. 15-20609, 2021 WL 1827202 (E.D. Mich. May 7, 2021). Nevertheless, in keeping with its obligation to liberally construe *pro se* pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will also consider Mr. Fragale's motion as a renewed motion for compassionate release, one of the exceptions to the prohibition against modifying sentences.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) and now allows an incarcerated person to move the court for compassionate release. Specifically, "[t]he First Step Act removed the BOP from that gatekeeping role, authorizing defendants themselves to file motions for sentence reductions." *United States v. McCoy*, 981 F.3d 271, 271 (4th Cir. 2020). The defendant must first exhaust the administrative process established by the BOP or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

To grant an inmate's motion for compassionate release, the court must (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A)(i). When analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). Our Court of Appeals has determined that district courts may take a more individualized approach regarding whether "extraordinary and compelling" reasons are established. *McCoy*, 981 F.3d at 286. As of the date of this order, the United States Sentencing Commission has not yet amended U.S.S.G. § 1B1.13 to address motions filed by defendants. *See United States v. Vaughn*, Criminal Action No. 5:08-00266, 2021 WL 136172, at *2 (S.D. W. Va. Jan. 13, 2021) (quoting *McCoy*, 981 F.3d at 282-83). As a consequence, "district courts are encouraged to 'consider *any* extraordinary and compelling reason[s] for release that a defendant might raise.'" *Malone*, 57 F.4th at 174 (emphasis in original) (alteration in original) (quoting *McCoy*, 981 F.3d at 284).

Other district courts, in considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility. *United States v. Brady*, No. S2 18 CR. 316, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases). Courts give particular attention to assertions that defendants have comorbidities that the Centers for Disease Control and Prevention has stated increase the risk of serious illness from SARS-CoV-2, such as diabetes. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 401 (E.D. Pa. 2020) (finding an "extraordinary and compelling reason" on the basis of the inmate's diabetes, high blood pressure, and liver abnormalities, the outbreak at Federal Correction Institution ("FCI") Elkton, and the short period remaining on his

sentence); *United States v. Zukerman*, 451 F. Supp. 3d 329, 335 (S.D.N.Y. Apr. 3, 2020) (granting compassionate release based on defendant's diabetes and age, paired with the COVID-19 outbreak); *United States v. Colvin*, 451 F. Supp. 3d 237, 241 (D. Conn. Apr. 2, 2020) (granting compassionate release based on defendant's diabetes, paired with the COVID-19 outbreak).

If a defendant demonstrates extraordinary and compelling reasons for release, the court must then consider the § 3553(a) sentencing factors in deciding whether to exercise its discretion to reduce the defendant's sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021). Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public from further crimes of the defendant," and "provide the defendant with . . . training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a); *see also High*, 997 F.3d at 187.

### III.

After careful review, the Court concludes that Mr. Fragale has failed to establish extraordinary and compelling reasons for a sentence reduction and that a reduction would be inconsistent with the § 3553(a) factors.

As noted in his prior motion to reconsider and in prior orders of this Court, Mr. Fragale suffers from obesity, type II diabetes, high blood pressure, and a fatty liver. [Docs. 193, 212]. In his instant motion, he asserts that these conditions have worsened, but provides no evidence for such a claim. Nevertheless, these conditions do put him at a higher risk of serious illness if he contracts COVID-19. *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-with-medical-conditions.html (May 11, 2023). The conditions at his current facility, FCI Petersburg Low, however, present little, if any, increased risk of infection. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 12, 2023) (Register No. 14682-088). Currently, FCI Petersburg Low is operating at a Level 1 modification, the lowest possible level. *FCI Petersburg Low*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/pet/ (last visited May 12, 2023). Moreover, there are no confirmed cases of COVID-19 among inmates and no confirmed cases among staff. *Inmate COVID-19 Data*, Fed. Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp# (last visited May 12, 2023). Accordingly, while Mr. Fragale's health conditions are of concern to the Court, given the low rate of infection at his facility, there are no extraordinary and compelling reasons for a sentence reduction. His argument that he has suffered through lockdowns and had difficulty attending classes does nothing to alter this conclusion. The BOP employed such safety measures in order to inhibit the spread of COVID-19, not to punish inmates.

    Even were Mr. Fragale able to establish extraordinary and compelling reasons for a sentence reduction, the applicable § 3553(a) factors caution against it. Mr. Fragale's offense was serious. He was involved in a substantial conspiracy that perpetuated the epidemic of drug use in this District. "[Mr. Fragale] bought thousands of pills and purchased pounds of methamphetamine at a time. He then sold the drugs at a profit to lower-level drug distributors." [Doc 166 at 5]. Moreover, as Judge Berger noted, "[t]his is not a case of a low-level drug dealer selling to support his or her own addiction. The Defendant was operating a business, with frequent large transactions." *Id.* And while there was no violence involved in this or Mr. Fragale's prior crimes, distribution of controlled substances is far from victimless. Reducing Mr. Fragale's sentence

moreover would not deter future crime. As Judge Berger noted, prior substantial terms of imprisonment had no deterrent effect on Mr. Fragale. A reduction would also not promote respect for the law or provide just punishment when Mr. Fragale still has a significant portion of his sentence remaining.

### IV.

For the foregoing reasons, the Court **DENIES** Mr. Fragale's motion for "COVID relief." **[Doc. 215]**.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to the Defendant and counsel of record.

ENTER:   May 12, 2023

Frank W. Volk
United States District Judge