# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 5:17-cr-00112-1

CHEYENNE FRAGALE

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Cheyenne Fragale's Letter-Form Motion for Release of Home Confinement to Supervised Release [ECF 217], filed May 19, 2025.[1] The Government responded [ECF 219] on July 21, 2025. The matter is ready for adjudication.

### I.

On December 6, 2017, Mr. Fragale pled guilty to one count of conspiracy to distribute and possess with intent to distribute a quantity of oxycodone, 500 grams or more of a methamphetamine mixture, and a quantity of a substance containing heroin in violation of 21 U.S.C. § 841. [ECF 119]. Mr. Fragale was sentenced to 144 months in prison followed by a seven-year term of supervised release. [ECF 164]. Mr. Fragale was originally scheduled to be released on December 9, 2027. In September 2024, Mr. Fragale was placed in the Residential Reentry Management Program by the Bureau of Prisons. Mr. Fragale has since been serving his sentence on home confinement and is projected to be released on December 9, 2025. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 24, 2025).

---

[1] The Court presumes that Mr. Fragale mischaracterized supervised release as "probation" in his Letter-Form Motion given the judgment imposed.

On May 19, 2025, Mr. Fragale filed the instant Motion. [ECF 217]. He requests to be released from home confinement and placed on his seven-year term of supervised release. [*Id.*]. He asserts medical conditions of diabetes and psoriasis require ongoing medical treatment that is difficult to manage "when [he] ha[s] to ask for permission to walk out the door every[]time." [*Id.*]. He further contends he is preparing to gain custody of his daughter, but that Child Protection Services requires him to ensure school attendance. [*Id.*]. He argues that home confinement limits his ability to care for the needs of his daughter. [*Id.*]. The Government responded that – if the Court finds early release is appropriate -- it has no objection to Mr. Fragale's early release given that his release date is approaching.

## II.

The First Step Act (the "Act") amended 18 U.S.C. § 3582(c)(1)(A) to expand access to compassionate release to incarcerated individuals. Prior to enactment, a court could only consider compassionate release on motion by the Bureau of Prisons ("BOP"). The Act permits "incarcerated persons to file their own motions for compassionate release." *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *see also United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020). Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), the defendant must first exhaust the administrative process established by the BOP or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[2] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022) (clarifying

---

[2] Inasmuch as the Government fails to assert Mr. Fragale failed to exhaust administrative remedies, the Court declines to address the requirement. *United States v. Davis*, 99 F.4th 647, 653 n.2 (4th Cir. 2024) (finding the government's failure to raise the question of whether the defendant properly exhausted administrative remedies constituted waiver of the issue); *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021) (concluding the exhaustion requirement is non-jurisdictional and may waived or forfeited).

that a "defendant is not required to exhaust his administrative remedies with the BOP *at all* beyond making the initial request for compassionate release").

To grant an inmate's motion for compassionate release or sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the court must (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The Act "allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." *Concepcion v. United States*, 597 U.S. 481, 500 (2022). However, this broad discretion "does not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction." *Id.* at 502. Rather, "[i]t is only when Congress or the Constitution limits the scope of information that a district court may consider in deciding whether, and to what extent, to modify a sentence, that a district court's discretion to consider information is restrained." *Id.* at 486–87; *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021) (acknowledging when analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion in conducting this analysis.").

In April 2023, the U.S. Sentencing Commission promulgated amendments to the federal sentencing guidelines that took effect on November 1, 2023. Among those amendments was a revision to § 1B1.13(b) which provides any of the following circumstances or combination thereof constitute extraordinary and compelling reasons: (1) the medical circumstances of the defendant, including, *inter alia*, an ongoing infectious disease outbreak at the defendant's facility or an ongoing public health emergency; (2) the defendant's age; (3) the defendant's family circumstances; (4) the defendant is a victim of abuse; (5) other circumstances similar in gravity to those previously listed; or (6) the defendant received an unusually long sentence. *See* U.S.S.G. §

3

1B1.13(B)(1)–(6).

District courts may determine extraordinary and compelling reasons exist for a sentence reduction in light of the defendant's family circumstances. Considerations include whether the defendant can show that an immediate family member is incapacitated, unable to care for themselves, and that the defendant is the only caregiver. Section 1B1.13(b)(3)(A)–(D) focuses on the defendant being the only available caregiver. Section 1B1.13(b)(3)(B) provides "[t]he *incapacitation* of the defendant's spouse . . . when the defendant would be the *only* available caregiver for the spouse" may constitute an extraordinary reason for compassionate release. Section 1B1.13(b)(3)(B) (emphasis added). Section 1B1.13(b)(3)(D) provides the same for any other immediate family member "when the defendant would be the *only* available caregiver." Section 1B1.13(b)(3)(D) (emphasis added); *see United States v. Burrough*, No. 3:04-CR-00191-FDW, 2022 WL 2318512, at *5 (W.D.N.C. June 28, 2022) ("Generally, compassionate release based on family circumstances has only been granted where a defendant is the sole available caregiver for his or her minor child or a closely related and incapacitated adult."); *see also United States v. Huffman*, No. 2:19-CR-00163, 2024 WL 3046412, at *4 (S.D.W. Va. June 18, 2024) (Copenhaver, J.) (denying compassionate release to defendant in part because he failed to provide any evidence to show he is the only potential caregiver for his parents)). Courts will generally "decline to grant compassionate release in the absence of a robust evidentiary showing that defendant is the only available caregiver." *United States v. Richardson*, No. 5:18-CR-507-1FL, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020).

If an inmate demonstrates extraordinary and compelling reasons for release, and a reduction is consistent with the Sentencing Commission's policy statements, the court must then consider the section 3553(a) sentencing factors in deciding whether to exercise its discretion to

reduce the inmate's sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021). These factors include:

>   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>   (2) the need for the sentence imposed—
>
>>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>>   (B) to afford adequate deterrence to criminal conduct;
>>
>>   (C) to protect the public from further crimes of the defendant; and
>>
>>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a); *see High*, 997 F.3d at 187.

### III.

Mr. Fragale has mustered no evidence he is the sole individual who could render care for his daughter. He merely states he is "preparing to gain custody" without providing any background or supporting details necessary for the Court to determine whether release is proper under § 1B.13(b)(3). Further, the inconvenience attributed to Mr. Fragale's scheduling of medical appointments does not amount to extraordinary and compelling reasons for release. The Court sympathizes with Mr. Fragale's desire to father his child. Mr. Fragale, however, has not met the governing standard.

Accordingly, the Court **FINDS** Mr. Fragale has not shown extraordinary and compelling reasons exist entitling him to compassionate release.

### IV.

Based on the foregoing discussion, the Court **DENIES** Mr. Fragale's Letter-Form

5

Motion for Release of Home Confinement to Supervised Release [**ECF 217**].

The Court **DIRECTS** the Clerk to transmit a copy of this Order to the Defendant and his counsel, the United States Attorney, the United States Probation Officer, and the United States Marshal Service.

ENTER: August 11, 2025



Frank W. Volk
Chief United States District Judge